IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                              )
                                    )
  CHRISTINE BLACKSTON,              )    CASE NO: 12-19410
                                    )        Chapter 13
                    Debtor          )
---

  CHRISTINE BLACKSTON,              )
                                    )
                    Plaintiff       )
                                    )
    vs.                             )    ADV. NO:
                                    )
  BANK OF LAKE MILLS                )
  CORPORATION, LOAN HOLDINGS,       )
  LLC and UNIVERSITY ACCOUNTING     )
  SYSTEMS, LLC                      )
                                    )
                    Defendants      )
                                    )
---

COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY

Debtor/Plaintiff, by her undersigned attorney, alleges as follows:

NATURE OF ACTION

1. This is an adversary proceeding by which the Debtor/Plaintiff seeks a declaration that her loan from Defendant does not constitute an "educational loan" under Bankruptcy Code Section 523(a)(8) and, therefore, such a loan should not be excepted from discharge of Section 523 of the Bankruptcy Code. In the alternative, the Debtor/Plaintiff seeks a declaration that any such debt as may be determined to be an "educational loan"

constitutes an undue hardship for the Debtor/Plaintiff and should be discharged pursuant to Section 523(a)(8) of the Bankruptcy Code.

## JURISDICTION AND VENUE

2. On October 3, 2012 the Debtor/Plaintiff filed a Voluntary Petition for relief under Chapter 13 of the Bankruptcy Code.

3. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334 and §157.

4. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

5. Venue is proper in this District pursuant to 28 U.S.C. §1409.

6. One of the unsecured debts owing by the Debtor/Plaintiff and listed on Schedule F is a loan owing to Defendant, Bank of Lake Mills, and/or its successors and/or assigns, Loan Holdings, LLC or University Accounting Sources, LLC.

7. The Debtor/Plaintiff, Christine Blackston, is an adult individual residing at 1714 Butztown Road, Bethlehem, PA 18017.

8. The Defendant, Bank of Lake Mills Corporation, is a banking corporation, with a principal place at 136 E. Madison Street, Lake Mills, WI 53551.

9. The Defendant Loan Holidays, LLC is business, with a principal place of business at P.O. Box 6491, Carol

Stream, IL 60197-6491, and is a successor or assignee of the Bank of Lake Mills.

10. The Defendant, University Accounting Systems, LLC is a business, with a principal place of business at P.O. Box 918, Brookfield, WI 53008-0918, a successor or assignee of the Bank of Lake Mills.

11. This loan was incurred to pay for a Therapeutic Boarding Program and related expenses at New Leaf of North Carolina, 2075 N. Rugby Road, Hendersonville, North Carolina 28791.

12. In the Spring of 2009, Debtor's/Plaintiff's minor child was enrolled at the Therapeutic Boarding Program at New Leaf of North Carolina, believed to be a division of Aspen Education.

13. The Debtor's/Plaintiff's daughter was and is suffering a disability to be specifically treated by this facility.

14. The Debtor/Plaintiff applied for and received a private loan from Bank of Lake Mills which was denominated as a "Therapeutic Loan".

15. On May 27, 2009, the Debtor/Plaintiff signed the "Educational/Therapeutic" Loan Application/Promissory Note, a copy of which is attached hereto and intended to be made a part thereof as Exhibit "A".

16. After April 27, 2009 the Bank of Lake Mills paid $80,000.00 to New Leaf Academy of North Carolina. The Academy

kept all of the funds to cover Debtor's expenses, treatment and residence at it's facility.

## FIRST CLAIM FOR RELIEF

17. The Debtor/Plaintiff repeats and realleges the allegations contained in Paragraph 1 through 16 of this Complaint as if fully set forth herein.

18. Section 523(a)(8) of the Bankruptcy Code states that an "educational loan that is a qualified educational loan" is defined by reference to "Section 221(d)(1) of the Internal Revenue Code of 1986". 11 U.S.C. § 523(a)(8). Section 221(d) of the Internal Revenue Code of 1986 states that a "qualified education loan" means any indebtedness incurred by the taxpayer's spouse, or any dependant of the taxpayer as of the time the indebtedness was incurred, (B) which are paid or incurred within a reasonable period of time before or after the indebtedness is incurred, and (C) which are attributable to education furnished during a period during which the recipient was an eligible student. "26 U.S.C. § 221(d)(1). The term "qualified higher education expenses is defined in 11 U.S.C. § 221 (d)(2).

19. The institution New Leaf of North Carolina, was not an eligible education institution.

20. The loan made by the Bank of Lake Mills Corporation to Debtor/Plaintiff is not an "educational loan" within the meaning of Section 523(a)(8) of the Bankruptcy Code.

21. The debt incurred was not used in whole or in part for qualified higher education expenses.

22. As a result, the amount of debt due Defendant's, their successors and/or assigns, has been discharged pursuant to Bankruptcy Code Section 727.

23. The loan made by the Bank of Lake Mills Corporation to Debtor/Plaintiff is not an "educational loan" within the meaning of Section 523(a)(8) of the Bankruptcy Code.

SECOND CLAIM FOR RELIEF, IN THE ALTERNATIVE

24. The Debtor/Plaintiff repeats and realleges the allegations contained in Paragraph 1 through 23 of this Complaint as if fully set forth herein.

25. If the Court determines that all or a portion of Bank of Lake Mills Corporation loan to Debtor/Plaintiff constitutes an "educational loan" under Section 523(a)(8) of the Bankruptcy Code, the repayment of such student loan by the Debtor would be an undue hardship to the Debtor/Plaintiff.

26. As a result, Defendant, their successors and assigns loan to Debtor/Plaintiff should be dischargeable pursuant to Bankruptcy Code Section 523(a)(8).

**WHEREFORE**, the Debtor/Plaintiff demands judgment: (i) declaring that Bank of Lake Mills Corporation loan to Debtor/Plaintiff is not an "educational Loan" and, therefore, has been discharged pursuant to Bankruptcy Code 727; (ii) in the alternative, if the Court finds that all or part of ABC's loan to Debtor/Plaintiff was an "educational loan" it is dischargeable pursuant to Bankruptcy Code Section 523(a)(8), and (iii) for such and further relief as the Court may deem just and proper

RESPECTFULLY SUBMITTED:

DATED: 5/12/14

_____
David B. Schwartz, Esquire
Goodman & Shaw, P.C.
Counsel Debtor/Plaintiff
P.O. Box 1248
Bethlehem, PA 18016-1248
610-691-3151
I.D. #25490

| EDUCATIONAL/THERAPEUTIC LOAN | Application and Promissory Note |
|---|---|
| bank of lake mills | Program Lender: BANK OF LAKE MILLS, Rancho Cordova, CA |
| | Pnote Id: 65583    Loan Id: 0000047478 |

### Before You Begin
Print using dark ink or type. The application must be signed and dated by the Borrower and Cosigner, if applicable. Do not leave any blanks. If the question is not applicable to you, please mark as N/A.

### Loan Type
Educational/Therapeutic Long-Term Program Loan

### Part I. Borrower Information

**1. Legal Name:** Last Name: BLACKSTON    First Name: CHRISTINE    MI: E
**2. Social Security Number (xxx-xx-xxxx):** 

**3. Permanent Home Information (Street Address, City, State/Province, Zip Code, Country):**
1714 BUTZTOWN RD    BETHLEHEM    PA    18017

Telephone Number*: (610) 317-6031
Cell Phone Number (optional)*: ( )
Email Address (optional): CHRISTINE.BLACKSTON@ESSROC.COM

Length of Residency: Years: 3    Months: 0
If less than 2 years, please indicate length at previous residence: Years: 0    Months: 0

**4. Birth Date (mm/dd/yyyy):** 10/23/1962
**5. Drivers License/State ID Number and State:** Number: [redacted]    State: PA

**6. Citizenship Status (check one):** ☒ U.S. Citizen  ☐ Non-U.S. Citizen  ☐ U.S. Permanent Resident    Resident #:
**6a.** If you indicated Permanent Resident in Question 6, please indicate length in that status: Years:    Months:

**7. Have you ever been granted credit under another name?** ☒ No  ☐ Yes (If yes, see 7.a.)
**7a.** If you answered yes to Question 7, please provide name below: Last Name | First Name | MI

**8. Have you ever defaulted on a student loan (federal or private)?** ☒ No  ☐ Yes
**9. Have you claimed bankruptcy in the last 7 years?** ☒ No  ☐ Yes

**10. References.** You must provide two separate references with different U.S. addresses, and who do not live with the Borrower or Cosigner. References may not be the Cosigner or the Cosigner's references.

| | A. | | B. |
|---|---|---|---|
| Full Name | CHARLES COAD | Full Name | |
| Address | 6411 WHISPER WOOD LN | Address | |
| City, State, Zip Code | HARRISBURG, PA 17112 | City, State, Zip Code | |
| Telephone Number* | (717) 695-7416 | Telephone Number* | ( ) |
| Relationship to Borrower | Other | Relationship to Borrower | |
| Email Address (optional) | | Email Address (optional) | |

**11. Loan Amount Requested ($2001 minimum):** $ 79950.00

For Wisconsin residents only: I am ☐ married, ☐ unmarried. If I am married, the name of my spouse is _____ and my spouse resides at: ☐ the address shown above, or ☐ _____

### Employer and Income Information Section. If Information is not applicable, please mark as N/A.

**Type of Employment:** ☒ Employed  ☐ Self-employed  ☐ Unemployed  ☐ Retired

**12. Employer Name:** If self-employed, please provide the most recent two years of signed tax returns including all forms and check here ☐
ESSROC CEMENT CORP

Address Information (Street Address, City, State, Zip Code)

Telephone Number: (610) 837-3304
Length of Employment. If less than 2 years, please complete 12a. and 12b.    Years: 3    Months: 6
**12a. Previous Employer Name:**
**12b. Previous Length of Employment:** Years:    Months:

**13. Gross Monthly Salary:** $ 7090.0000
Other Monthly Income (Alimony, child support, or separate maintenance income need not be revealed if you do not wish to have it considered as a basis for repaying this loan): $ 800.0000    Source: CHILD SUPPORT

**14. Housing Status (check one):** ☐ Rent  ☒ Mortgage  ☐ Other, please specify:
Monthly Housing/Rental Payment (include tax and insurance if mortgage amount): $ 1322

APPLICATION CONTINUES TO PAGE 2


Exhibit "A"

Borrower Name: **CHRISTINE E BLACKSTON**            Social Security Number:

## Part II. Cosigner Information (If you are not applying with a Cosigner, leave this section blank)

**15. Legal Name:** Last Name _____ First Name _____ MI ___ | **16. Social Security Number (xxx-xx-xxxx)**

**17. Permanent Home Information** (Street Address, City, State/Province, Zip Code, Country)

Telephone Number *  ( )   |   Cell Phone Number (optional) *  ( )   |   Email Address (optional)

Length of Residency   Years: _____ Months: _____ | If less than 2 years, please indicate length at previous residence   Years: _____ Months: _____

**18. Birth Date** (mm/dd/yyyy) | **19. Drivers License or State ID Number and State**
Number: _____ State: _____

**20. Citizenship Status** (check one)
☐ U.S. Citizen ☐ Non-U.S. Citizen ☐ U.S. Permanent Resident # Resident # _____
| **20a.** If you indicated Permanent Resident in Question 20, please indicate length in that status
Years: _____ Months: _____

**21.** Have you ever been granted credit under another name?
☐ No ☐ Yes (If yes, see 21a.)
| **21a.** If you answered yes to Question 21, please provide name below
Last Name | First Name | MI

**22.** Have you ever defaulted on a student loan (federal or private)?
☐ No ☐ Yes
| **23.** Have you claimed bankruptcy in the last 7 years?
☐ No ☐ Yes

**24. References.** You must provide two separate references with different U.S. addresses, and who do not live with the Borrower or Cosigner. References may not be the Borrower or the Borrower's references.

Full Name A. _____                    Full Name B. _____
Address _____                         Address _____
City, State, Zip Code _____           City, State, Zip Code _____
Telephone Number * ( ) _____          Telephone Number * ( ) _____
Relationship to Borrower _____        Relationship to Borrower _____
Email Address (optional) _____        Email Address (optional) _____

**Type of Employment:** ☐ Employed  ☐ Self-employed  ☐ Unemployed  ☐ Retired

**25. Employer Name:** If self-employed, please provide the most recent two years of signed tax returns including all forms and check here ☐

Address Information (Street Address, City, State, Zip Code)

Telephone Number ( ) | Length of Employment. If less than 2 years, please complete 25a. and 25b.   Years: _____ Months: _____ | **25a.** Previous Employer Name | **25b.** Previous Length of Employment   Years: _____ Months: _____

**26. Gross Monthly Salary:** $ _____ | Other Monthly Income (Alimony, child support, or separate maintenance income need not be revealed if you do not wish to have it considered as a basis for repaying this loan.):
$ _____ | Source _____

**27. Housing Status** (check one)
☐ Rent ☐ Mortgage ☐ Other, please specify: _____
| Monthly Housing/Rental Payment (include tax and insurance if mortgage amount)
$ _____

---

\* By providing my telephone number (whether for a cellular telephone, other wireless device, fixed-line or landline telephone), I expressly authorize the lender, any holder of the loan, the servicer of the loan, or any third-party debt collector to contact me at the phone number using autodialed, prerecorded or any other type of calls or voice or text messages. By providing my e-mail address, I authorize the lender, any holder of the loan, the servicer of the loan, or any third-party debt collector to contact me at the e-mail address.

APPLICATION CONTINUES TO PAGE 3

| Borrower Name: | **CHRISTINE E BLACKSTON** | Social Security Number: |
|---|---|---|

For Arizona and Wisconsin residents only: I am ☐ married, ☐ unmarried. If I am married, the name of my spouse is _____
and my spouse resides at: ☐ the address shown above, or ☐ _____.

For the purpose of the following notice, the words "you" and "your" mean the Borrower and the Cosigner.
*All Applicants: Important Federal Law Notice-Important information about procedures for opening a new account:* To help the government fight the funding of terrorism and money laundering activities, federal law requires all financial institutions to obtain, verify, and record information that identifies each person who opens an account.
*What this means for you:* When you open an account, we will ask for your name, address, date of birth and other information that will allow us to identify you. We may also ask to see your driver's license or other identifying documents.

NOTICE TO COSIGNER
You are being asked to guarantee this debt. Think carefully before you do. If the borrower doesn't pay the debt, you will have to. Be sure you can afford to pay if you have to, and that you want to accept this responsibility. You may have to pay up to the full amount of the debt if the borrower does not pay. You may also have to pay late fees or collection costs, which increase this amount. The bank can collect this debt from you without first trying to collect from the borrower. The bank can use the same collection methods against you that can be used against the borrower, such as suing you, garnishing your wages, etc. If this debt is ever in default, that fact may become a part of your credit record. This notice is not the contract that makes you liable for the debt.

### Part III. Promise to Pay   *To be completed and signed by the Borrower and Cosigner.*
BORROWERS AND COSIGNERS MUST READ ALL PAGES OF THIS APPLICATION AND PROMISSORY NOTE AND SIGN BELOW.

28. By my/our signature(s), I/we acknowledge that I/we have read and understand the information contained in this Application and Promissory Note, including the terms on the following pages and agree to be bound by those terms, including, but not limited to, the Promise to Pay in Section A of the Promissory Note. I/we certify that the information provided by me/us is true and accurate to the best of my/our knowledge and belief. The instructions to this Application and Promissory Note are incorporated into and made a part hereof. I/we authorize the lender, any assignee of the lender, and any guarantor of this loan to investigate my/our creditworthiness, to obtain consumer reports from consumer reporting agencies, from time to time, and to furnish information concerning my/our loan to consumer reporting agencies and other persons who may legally receive such information. My/Our authorization to obtain consumer reports from consumer reporting agencies is valid as long as any amounts are owed under the Promissory Note. I/We agree that you may investigate any information that I/we supply in order to confirm my/our eligibility for this Loan Program. I/We agree that the Promissory Note provides for the compounding of interest.

The originating lender to which this application is directed is the Bank of Lake Mills, in Lake Mills, Wisconsin.

I authorize the lender to consider this Application and Promissory Note as an application for the lowest cost loan for which I am qualified under this program. I/we understand and acknowledge that Bank of Lake Mills, its employees and agents, do not in any way endorse, promote or make any representations concerning the quality or financial strength of the educational and/or therapeutic program for which funds provided pursuant to this Application and Promissory note may be used. It is the responsibility of the borrower(s) to determine the quality and financial strength of the applicable Educational/Therapeutic Program. Any listing of Educational/Therapeutic Programs by Bank of Lake Mills, its employees or agents, is solely for application submission and does not represent an endorsement of any such Educational/Therapeutic Programs. This disclaimer may not be waived or modified by any employee or agent of Bank of Lake Mills, its affiliates or subsidiaries.

NOTICE TO CONSUMER: In the following Notice, the word "you" refers to the Borrower and Cosigner. DO NOT SIGN THIS BEFORE YOU READ THE WRITING ON THE FOLLOWING PAGES, EVEN IF OTHERWISE ADVISED. DO NOT SIGN THIS IF IT CONTAINS ANY BLANK SPACES. YOU ARE ENTITLED TO AN EXACT COPY OF ANY AGREEMENT YOU SIGN. YOU HAVE THE RIGHT AT ANY TIME TO PAY IN ADVANCE THE UNPAID BALANCE UNDER THIS AGREEMENT WITHOUT PENALTY AND YOU MAY BE ENTITLED TO A PARTIAL REFUND OF THE FINANCE CHARGE IN ACCORDANCE WITH LAW. CAUTION--IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT.

I UNDERSTAND THAT THIS IS A LOAN THAT I MUST REPAY.

Borrower Signature _Electronic Signature on File: 28113_____    Today's Date (mm/dd/yyyy) _5/27/2009_____

Cosigner Signature _____    Today's Date (mm/dd/yyyy) _____

ARIZONA RESIDENTS: If the Cosigner is married to someone other than the Borrower, the following applies. Marital Community Property Joinder: The undersigned spouse of the Cosigner joins in the execution of this Application and Promissory Note for the purpose of binding the marital community property of the Cosigner and the undersigned, in accordance with Ariz. Rev. Stats. Section 25-214 or other applicable law.

_____    Today's Date (mm/dd/yyyy) _____
Signature of Cosigner's spouse (if not the Borrower)

APPLICATION CONTINUES TO PAGE 4

| Borrower Name: **CHRISTINE E BLACKSTON** | Social Security Number: |
|---|---|

### Part IV. Program Information

| 29. Educational/Therapeutic Program Name: <br> NEW LEAF OF NORTH CAROLINA | Program Facility Phone <br> ( ) |
|---|---|
| Campus Information (Street Address, City, State/Province, Zip, Country) <br> 2075 N RUBY RD HENDERSONVILLE, NC 28791 | |
| 30. Name of Student <br> ALEXANDRA BLACKSTON | 31. Admission Date |

# Promissory Note
## Education Loan

In this Application and Promissory Note, the words "I," "me," "my," and "mine" mean the Borrower and the Cosigner. The words "you," "your," "yours," and "Lender" mean Bank of Lake Mills, Lake Mills, Wisconsin, its successors and assigns, and any other holder of this Application and Promissory Note.

### A. PROMISE TO PAY
I promise to pay to you the total principal sum of the Loan which includes amounts disbursed under the terms of this Promissory Note (the "Note"), interest on such principal sum (including any prepaid finance charge or loan origination fee), interest on any unpaid interest added to the principal balance, Returned Payment Fees, late charges and other fees, charges and costs as provided in this Note and the related Disclosure Statement which is incorporated by this reference.

### B. IMPORTANT – READ THIS CAREFULLY
1. When you receive any signed Application, you are not agreeing to lend the Borrower money. You have the right not to make a loan, not to make any disbursement on a loan, whether the initial or any subsequent disbursement, or to lend an amount less than the Loan Amount Requested. If you decide to make a loan to me, you will electronically transfer the loan funds to the applicable Program Facility or mail a loan check to the Program Facility. I agree to accept an amount less than the Loan Amount Requested.
2. After you agree to make a Loan to me, you will send me a Disclosure Statement. In addition to other information, the Disclosure Statement will tell me the total amount of my Loan, the amount of my disbursements, my initial interest rate and the amount of the loan origination fee. Such Disclosure Statement is incorporated herein by reference.
3. HOW I AGREE TO THE TERMS OF THIS LOAN. By preparing and signing this Application and Note, and submitting it to you, either directly or through some other person, I am requesting that you make this Loan to the Borrower in the Loan Amount Requested and on the terms described in this Note. If you approve this request and agree to make this Loan, you will notify me in writing and provide me with a Disclosure Statement, as required by law at the time that the loan proceeds are disbursed. I will let you know that I agree to the terms of the Loan as set forth in this Note and in the Disclosure Statement by either (a) endorsing the proceeds check or (b) allowing the Loan proceeds to be used by or on behalf of the Borrower without objection. Any objection must be sent to you at your address on the Disclosure Statement so that it reaches you within ten (10) days of the date of the Disclosure Statement. If either the Borrower or the Cosigner fails to agree to the terms of the Loan, and if Loan proceeds have been disbursed, the Borrower agrees that he will immediately return the Loan proceeds to you, will not endorse any check which disburses the Loan proceeds and will instruct the Program Facility to return any Loan proceeds to you.

### C. DEFINITIONS
1. "Application" means the written, on-line or oral (including telephonic) request that the Borrower makes to you for a Loan.
2. "Capitalized Interest" means accrued and unpaid interest that you add to the principal balance of my Loan.
3. "Cosigner Notice" means any notice that describes the obligations of a cosigner under the Note with respect to any Loan that I obtain as described in this Note.
4. "Disbursement Date" means the date on which you lend money to the Borrower in consideration for this Note and will be the date or dates of my loan check or electronic funds transfer.
5. "Disclosure Statement" means a closed-end disclosure statement as required by the federal Truth-in-Lending Act.
6. "Loan" means all principal sums disbursed, as may be designated by you, plus interest on such principal sums, interest on any Capitalized Interest, and other charges and fees that may become due as provided in this Note.
7. "Loan Amount Requested" means the dollar amount of the Loan requested at the time of the Application.
8. "Note" means this Promissory Note setting forth the terms applicable to my Loan. The term "Note" also includes the Application, Disclosure Statements, and Cosigner Notices (if applicable) relating to my Loan that I obtain subject to the terms of this Note, unless otherwise provided.
9. "Program Facility" means the educational and/or therapeutic program the Borrower has been or will be attending, as identified on the Application.
10. "Repayment Period" means the period beginning on the day that is thirty-five (35) days after the Disbursement Date and continuing for 240 months.

### D. INTEREST
1. Accrual – Interest will begin to accrue as of the Disbursement Date on the principal amount of this loan outstanding from time to time. Interest will be calculated on a daily simple interest basis, according to the outstanding principal balance each day of the term of the Loan. The daily interest rate will be equal to the annual interest rate in effect on that day, divided by the actual number of days in the year (365 or 366 days).
2. Interest Rate – The Interest Rate will be equal to the Current Index, plus a margin (the "Margin") as calculated according to the loan program rules and as disclosed to me on my Disclosure Statement (the "Variable Rate"). The Interest Rate will change quarterly on the first day of each January, April, July and October (the "Change Date(s)") if the Current Index changes. The "Current Index" for any calendar quarter beginning on a Change Date (or for any shorter period beginning on the Disbursement Date and ending on the first Change Date) is the 3-month London Interbank Offered Rate ("LIBOR") published by The Wall Street Journal on the 20th day (or the next business day if the 20th day is not a business day) of the calendar month immediately preceding each Change Date. You may round the Current Index higher to two decimal places. For example, 5.755% will be rounded to 5.76%. (This is an example and may not reflect the actual LIBOR.) LIBOR is the British Banker's Association average of interbank offered rates for dollar deposits in the London market on quotations at 16 major banks. LIBOR is only a pricing index and is not necessarily the lowest interest rate index used by you or any other lender. If LIBOR is no longer available you will choose a comparable index.
3. Capitalization – I agree that you will add the Loan Origination Fee as described in Paragraph F to the principal balance of my Loan. I also agree that you may, at your option, add all accrued and unpaid interest to the principal balance of my Loan (i) upon entering the Repayment Period and (ii) at the end of each calendar quarter during any forbearance period. In addition, should I default under the terms of this Note, you may, at your option, add all accrued and unpaid interest to the principal balance of my Loan upon such default. Such Capitalized Interest is thereafter considered principal and interest will accrue on the new principal balance. In addition, if I am in default under this Note, you may, at your option, add any unpaid late charges, Returned Payment Fees or other charges outstanding at the time of default to the principal amount of my Loan.
4. Annual Percentage Rate ("APR") – The APR for my Loan will be disclosed to me on my Disclosure Statement. The APR may be higher than the Variable Rate described above because the APR will include any fee that is charged for my Loan as well as the rate at which interest accrues.

### E. TERMS OF REPAYMENT
1. Repayment Period – During the Repayment Period I will make consecutive monthly payments in the indicated amounts by the payment due dates shown on my statements you will send the Borrower until I have paid all of the principal and interest and any other charges I may owe under this Note.
2. Repayment Terms – My monthly payment will be established when my Repayment Period begins based on the rules in this Note. The amounts shown on my monthly statements will be consecutive monthly installments of principal and interest calculated each Change Date to equal the amount necessary to amortize the unpaid principal balance (including any capitalized interest) of my Loan (as of the date of calculation) in equal monthly installments of principal and interest at the Variable Rate then in effect over the number of months remaining in the Repayment Period.
3. Amounts Owing at the End of the Repayment Period – Since interest accrues daily upon the unpaid principal balance of my Loan, if I make payments after my payment due dates, I may owe additional interest. If I have not paid my late charges, I will also owe additional amounts for those late charges. In such cases you will increase the amount of my last monthly payment to the amount necessary to repay my Loan in full.
4. Payments – Payments will be applied first to late charges, other fees and charges, accrued interest, and the remainder to principal.

5. Other Charges - If any part of a monthly payment remains unpaid for a period of more than 10 days after the payment due date, I will pay a late charge of 5% of the unpaid amount of the payment amount due or $10.00, whichever is less. I will also pay a NSF Fee of $15.00 for each payment on this Note returned for any reason, including but not limited to insufficient funds or stop payment order.

F. LOAN ORIGINATION FEE
I will pay a loan origination fee to you at the time the loan proceeds are disbursed. The amount of the loan origination fee is equal to the disbursement amount multiplied by the fee percentage as disclosed to me on my Disclosure Statement. The amount of the loan origination fee will be added to the principal balance of my Loan. You may increase the amount I requested on my application by the amount necessary to pay the loan origination fee. If I prepay this loan in full or in part, I will not be entitled to any refund of any part of the loan origination fee unless otherwise required by applicable law.

G. RIGHT TO PREPAY
I have the right to prepay all or any part of my loan at any time without penalty. Any partial prepayment will be credited against the principal of my Loan and will not reduce the next payment due on my Loan.

H. FORBEARANCE
If I am unable to repay my Loan in accordance with the terms established under this Note, I may request that you modify these terms. I understand that such modification would be solely at your option. I understand that I will remain responsible for all interest accruing during any period of forbearance and that you will add any interest that I do not pay during any forbearance period to the principal balance as described in paragraph D.2. Cosigner agrees that the borrower may be granted forbearance upon borrower's written or verbal request without obtaining consent from Cosigner.

I. DEFAULT
To the extent permitted by applicable law, I will be in default and you have the right to give me notice that the whole outstanding principal balance, accrued interest, and all other amounts payable to you under the terms of this Note, are due and payable at once (subject to any applicable law which may give me a right to cure my default) if: (1) I have more than 1 full payment past due and this amount remains unpaid for more than 10 days after its due date, or I fail to pay my first or last payment within 40 days after such payment is due, (2) I die, (3) I break any of my other promises in this Note that materially impairs my ability to pay the amounts owed, (4) any bankruptcy proceeding is begun by or against me, or I assign any of my assets for the benefits of my creditors, or (5) I make any false statement in applying for this Loan or at any time during the Repayment Period that materially impairs my ability to pay the amounts owed. If I default, I will be required to pay interest on this Loan accruing after default. The interest rate after default will be subject to adjustment in the same manner as before default.

If I default, you may also, at your option, add all accrued and unpaid interest to the principal balance of my Loan upon such default.

J. PRIVACY

1. You may report information about my account to credit bureaus. Late payments, missed payments or other defaults on my account may be reflected in my credit report.

2. I must update the information on my Application whenever you ask me to do so.
3. I authorize you from time to time to request and receive from others credit related information about me (and about my spouse if I live in a community property state).
4. I may refer to your Privacy Policy for an explanation of how you gather and share my information.

K. ADDITIONAL AGREEMENTS
1. I understand that you are located in Wisconsin and that this Note will be entered into in the same state. CONSEQUENTLY, THE PROVISIONS OF THIS NOTE WILL BE GOVERNED BY FEDERAL LAW AND WISCONSIN LAW, WITHOUT REGARD TO CONFLICT OF LAW RULES.
2. The proceeds of this Loan will be used only for eligible expenses at the educational and/or therapeutic program named in the Application. The cosigner, if any, will not receive any of the Loan proceeds. I understand that the proceeds of this Loan shall be sent directly to the Program Facility and that no funds shall be sent to the borrower.

3. To the extent permitted by applicable law, my responsibility for paying this Note is unaffected by the liability of any other person to me or by your failure to notify me that a required payment has not been made. You may delay, fail to exercise, or waive any of your rights on any occasion without losing your entitlement to exercise the right at any future time, or on any future occasion. You will not be obligated to make any demand upon me, send me any notice, present this Note to me for payment or make protest of non-payment to me before suing to collect on this Note if I am in default, and to the extent permitted by applicable law, I hereby waive any right I might otherwise have to require such actions. Without losing any of your rights under this Note, you may accept late payments or partial payments. **I will not send you partial payments marked "paid in full", "without recourse" or with other similar language unless those payments are marked for special handling and sent to University Accounting Service, LLC 200 South Executive Drive, Brookfield, Wisconsin 53008, or to such other address as I may be given in the future.**
4. I may not assign this Note or any of its benefits or obligations. You may assign this Note at any time.
5. The terms and conditions set forth in my Note (including the Application and Disclosure Statement) constitute the entire agreement between you and me.
6. If any provision of this Note is held invalid or unenforceable, that provision shall be considered omitted from this Note without affecting the validity or enforceability of the remainder of this Note.
7. A provision of this Note may only be modified if jointly agreed upon in writing by you and me. Any modification will not affect the validity or enforceability of the remainder of this Note.
8. I authorize my lender, subsequent holder, or their agents to: (1) advise the marketing agent that solicited me for a Loan of the status of this Application, (2) respond to inquiries from prior or subsequent lenders or holders with respect to this Note and related documents, (3) release information and make inquiries to the persons I have listed in my Loan Application as references, for the purposes of learning my current address and telephone number, and (4) verify my credit and employment history. I also authorize my creditors and my past, current or future employers to answer questions about their credit experience or work history with me.
9. Waiver by Lender: You waive (give up) any right to claim a security interest in any property to secure this Note. This does not affect any right to offset as a matter of law.
10. I understand that the amount of my Loan, if approved, will be the sum of the Loan amount approved by you plus any loan origination fee imposed in connection with my loan.
11. I authorize you and your agents to verify my social security number with the Social Security Administration (SSA) and, if the number on my loan record is incorrect, then I authorize SSA to disclose my correct social security number to these parties.
12. The Borrower authorizes the School to release, to you and other persons designated by you, any requested information pertinent to each Loan (e.g. enrollment status, prior loan history, and current address).
13. You and I agree that this Note shall be deemed a credit agreement and shall not be considered a promissory note as defined in Article 3 of the Uniform Commercial Code as enacted in Wisconsin, or any other state, and that the transfer of this Note, the Loan or any interest therein, shall be governed by Article 9 of the Uniform Commercial Code as enacted in Wisconsin or any other state.
14. In the event I am entitled to a refund under the Program Facility's refund policy the amount of the refund will be applied to reduce my principal balance under this Loan.
15. I agree that if I make payments due on my Loans through an automatic debit from my checking or savings account, you will reduce my Margin by 0.25 percentage points. I also agree that, if I have qualified for this Margin reduction, and if I subsequently cancel the automatic debits you will increase my Margin by 0.25 percentage points.

L. NOTICES
1. I will send written notice to you, or any subsequent holder of this Note, within ten (10) days after any change in my name, address or enrollment status.
2. Any notice required to be given to me by you will be effective when mailed by first class mail to the latest address you have for me. Unless required by applicable law, you need not give a separate notice to the Cosigner, if any.

### M. CERTIFICATION OF BORROWER AND COSIGNER

I declare under penalty of perjury under the laws of the United States of America that the following is true and correct. I certify that the information contained in my Application and Note is true, complete and correct to the best of my knowledge and belief and is made in good faith. I certify that the proceeds of this Loan will be used for eligible expenses as stated in the Application at the Program Facility named in the Application. I understand that I am responsible for repaying immediately any funds that I receive which were not to be used or which are not to be used for the purposes stated above.

### N. ARBITRATION

Except as expressly provided below, I agree that any Claim, dispute or controversy arising out of or that is related to (a) this Note (including, without limitation, any dispute over the validity of this arbitration provision), or (b) any relationship resulting from this Note, or any activities in connection with the Loan evidenced by this Note (including, without limitation, the application for the Loan evidenced by this Note, the disclosures provided or required to be provided in connection with the Loan, including, without limitation, the Truth in Lending disclosures set forth above, or the underwriting, servicing or collection of the Loan), or (c) any insurance or other service related to this Note, or (d) any other agreement related to this Note or any such service, or (e) breach of this Note or any other such agreement, whether based on statute, contract, tort or any other legal theory (any "Claim") shall be, at my or Lender's election, submitted to and resolved on an individual basis by binding arbitration under the Federal Arbitration Act ("FAA").

**RIGHT TO REJECT:** I may reject this Arbitration Agreement by mailing a signed rejection notice to University Accounting Service, LLC 200 South Executive Drive, Brookfield, Wisconsin 53008 within 60 days after the date of my first disbursement. Any rejection notice must include my name, address, telephone number and loan or account number.

If I decide to initiate arbitration, I may select either, JAMS or the National Arbitration Forum ("NAF") to serve as the arbitration administrator pursuant to its rules of procedure. If Lender intends to initiate arbitration, it will notify me in writing by regular mail at my latest address on file with Lender, and I will have 20 days from the date of the letter to select one of these organizations as the administrator. If I fail to select an administrator within that 20-day period, Lender will select one.

Lender agrees that it will not elect to arbitrate any individual claim of less than $5,000 that I bring in small claims court (or in a similar court of limited jurisdiction subject to expedited procedures). If that claim is transferred or appealed to a different court, however, or if my claim exceeds $5,000, Lender reserves the right to elect arbitration and, if it does so, I agree that the matter will be resolved by binding arbitration pursuant to the terms of this Section.

IF EITHER I OR LENDER CHOOSES ARBITRATION, NEITHER PARTY WILL HAVE THE RIGHT TO A JURY TRIAL, TO ENGAGE IN DISCOVERY, EXCEPT AS PROVIDED IN THE APPLICABLE ARBITRATION RULES, OR OTHERWISE TO LITIGATE THE DISPUTE OR CLAIM IN ANY COURT (OTHER THAN IN SMALL CLAIMS OR SIMILAR COURT, AS SET FORTH IN THE PRECEDING PARAGRAPH, OR IN AN ACTION TO ENFORCE THE ARBITRATOR'S AWARD). FURTHER, I WILL NOT HAVE THE RIGHT TO PARTICIPATE AS A REPRESENTATIVE OR MEMBER OF ANY CLASS OF CLAIMANTS PERTAINING TO ANY CLAIM SUBJECT TO ARBITRATION. THE ARBITRATOR'S DECISION WILL BE FINAL AND BINDING. OTHER RIGHTS THAT I OR LENDER WOULD HAVE IN COURT ALSO MAY NOT BE AVAILABLE IN ARBITRATION.

The arbitrator shall have no authority to arbitrate claims on a class action basis, and claims brought by or against me may not be joined or consolidated with claims brought by or against any other person. Any arbitration hearing shall take place in the federal judicial district in which I reside. Upon my written request, Lender will pay the filing fees charged by the arbitration administrator, up to a maximum of $2,000 per claim. Each party will bear the expense of its own attorneys, experts and witnesses, regardless of which party prevails, unless applicable law or this Agreement gives a right to recover any of those fees from the other party. If the arbitrator determines that any claim or defense is frivolous or wrongfully intended to oppress the other party, the arbitrator may award sanctions in the form of fees and expenses reasonably incurred by the other party (including arbitration administration fees, arbitrator's fees, and attorney, expert and witness fees), to the extent such fees and expenses could be imposed under Rule 11 of the Federal Rules of Civil Procedure.

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1, et seq., shall govern this arbitration provision. If I have a question about the arbitration administrators mentioned above, I can contact them as follows: JAMS, 620 Eighth Avenue, 34th Floor, New York, NY, 10018, www.jamsadr.com, 800-352-5267; National Arbitration Forum, P.O. Box 50191, Minneapolis, MN 55405, www.arb-forum.com, 800-474-2371.

### O. DISCLOSURE NOTICES

**ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

(For purposes of the following notices, the word "you" refers to the Borrower and the Cosigner, if applicable, not the lender)

NOTICE TO CONSUMER. 1. DO NOT SIGN THIS NOTE BEFORE YOU READ THIS NOTE. 2. YOU ARE ENTITLED TO A COPY OF THIS PAPER. 3. YOU MAY PREPAY THE UNPAID BALANCE AT ANY TIME WITHOUT PENALTY AND MAY BE ENTITLED TO A REFUND OF UNEARNED CHARGES IN ACCORDANCE WITH LAW.

FOR ALABAMA RESIDENTS: CAUTION – IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT.

CALIFORNIA RESIDENTS: I have the right to prohibit the use of information contained in my credit file in connection with transactions not initiated by me. I may exercise this right by notifying the consumer credit reporting agency. A married applicant may apply for a separate account. If you take any adverse action as defined by Section 1785.3 of the California Civil Code and the adverse action is based, in whole or in part, on any information contained in a consumer credit report, I have the right to obtain within 60 days a free copy of my consumer credit report from the consumer reporting agency who furnished you my consumer credit report and from any other consumer credit reporting agency which compiles and maintains files on consumers on a nationwide basis. I have the right as described by Section 1785.16 of the California Civil Code to dispute the accuracy or completeness of any information in a consumer credit report furnished by the consumer credit reporting agency.

IOWA RESIDENTS: (For purposes of the following notice, the word "you" refers to the Borrower and the Cosigner, if applicable, not the lender) IMPORTANT: READ BEFORE SIGNING. THE TERMS OF THIS AGREEMENT SHOULD BE READ CAREFULLY BECAUSE ONLY THOSE TERMS IN WRITING ARE ENFORCEABLE. NO OTHER TERMS OR ORAL PROMISES NOT CONTAINED IN THIS WRITTEN CONTRACT MAY BE LEGALLY ENFORCED. YOU MAY CHANGE THE TERMS OF THIS AGREEMENT ONLY BY ANOTHER WRITTEN AGREEMENT.

MISSOURI RESIDENTS: Oral agreements or commitments to loan money, extend credit or to forbear from enforcing repayment of a debt including promises to extend or renew such debt are not enforceable. To protect me (borrower(s)) and you (creditor) from misunderstanding or disappointment, any agreements we reach covering such matters are contained in this writing, which is the complete and exclusive statement of the agreement between us, except as we may later agree in writing to modify it.

NEW YORK, RHODE ISLAND AND VERMONT RESIDENTS: A consumer report (credit report) may be obtained from a consumer-reporting agency (credit bureau) in connection with this loan. If I request (1) I will be informed whether or not consumer reports were obtained, and (2) if reports were obtained, I will be informed of the names and addresses of the credit bureaus that furnished the reports. If you agree to make this loan to me, a consumer credit report may be requested or used in connection with renewals or extensions of any credit for which I have applied, reviewing my loan, taking collection action on my loan, or legitimate purposes associated with my loan.

NEVADA RESIDENTS: This is a loan for study.

NEW JERSEY RESIDENTS: The section headings of this Note are a table of contents and not contract terms. Portions of this Note with references to actions taken to the extent of applicable law apply to acts or practices that New Jersey law permits or requires. In this Note, acts or practices (i) by you which are or may be permitted by "applicable law" are permitted by New Jersey law, and (ii) that may or will be taken by you unless prohibited by "applicable law" are permitted by New Jersey law.

OHIO RESIDENTS: The Ohio laws against discrimination require that all creditors make credit equally available to all credit worthy customers, and that credit reporting agencies maintain separate credit histories on each individual upon request. The Ohio civil rights commission administers compliance with this law.

WISCONSIN RESIDENTS: FOR WISCONSIN RESIDENTS – NOTICE TO CUSTOMER:

(a) DO NOT SIGN THIS APPLICATION/PROMISSORY NOTE BEFORE YOU READ THE WRITING ON THE FOLLOWING PAGES, EVEN IF OTHERWISE ADVISED.

(b) DO NOT SIGN THIS APPLICATION/PROMISSORY NOTE IF IT CONTAINS ANY BLANK SPACES.

(c) YOU ARE ENTITLED TO AN EXACT COPY OF ANY AGREEMENT YOU SIGN.

(d) YOU HAVE THE RIGHT AT ANY TIME TO PAY IN ADVANCE THE UNPAID BALANCE UNDER THIS AGREEMENT AND YOU MAY BE ENTITLED TO A PARTIAL REFUND OF THE FINANCE CHARGE.

For married Wisconsin residents, my signature on this Note confirms that this loan obligation is being incurred in the interest of my marriage or family. No provision of any marital property agreement (pre-marital agreement), unilateral statement under Section 766.59 or court decree under Section 766.70 adversely affects the interest of the Lender unless the Lender, prior to the time that the loan is approved, is furnished with a copy of the agreement, statement, or decree or has actual knowledge of the adverse provision when the obligation to the Lender is incurred. If the loan for which I am applying is granted, my spouse will also receive notification that credit has been extended to me.

P. STATE-SPECIFIC COSIGNER NOTICES:
For the purposes of the following notices only, the words "you" and "your" refer to the Cosigner, where applicable, not to the lender.

FOR OBLIGORS COSIGNING IN VERMONT – NOTICE TO COSIGNER:
YOUR SIGNATURE ON THIS APPLICATION AND PROMISSORY NOTE MEANS THAT YOU ARE EQUALLY LIABLE FOR REPAYMENT OF THIS LOAN. IF THE BORROWER DOES NOT PAY, THE LENDER HAS A LEGAL RIGHT TO COLLECT FROM YOU.

FOR OBLIGORS COSIGNING IN IOWA, NEW YORK AND SOUTH CAROLINA:
NOTICE TO COSIGNER: You agree to pay the debt identified below although you may not personally receive any property, goods, services or money. You may be sued for payment although the person who receives the property, goods, services, or money is able to pay. You should know that the Total of Payments listed below does not include finance charges resulting from delinquency, late charges, repossession or foreclosure costs, court costs or attorney's fees, or other charges that may be stated in the Note or contract. You will also have to pay some or all of these costs and charges if the Note or contract, the payment of which you are guaranteeing requires the borrower to pay such costs and charges. If this debt is ever in default, that fact may become a part of your credit record. This notice is not the Note or contract that obligates you to pay the debt. Read the Note or contract, for the exact terms of your obligation.

IDENTIFICATION OF DEBT(S) YOU MAY HAVE TO PAY:

Name of Debtor: The Borrower and Cosigner identified on the first page of this Note.

Name of Creditor: Bank of Lake Mills.

Date: If the loan is disbursed by check, the date of the check. If the loan is disbursed electronically, the date the creditor transmits the funds.

Kind of Debt: Education loan.

Total of Payments: The Loan Amount Requested set forth on the first page of this Note (to the extent advanced), plus interest and the Loan Origination Fee set forth in this Note.

FOR OBLIGORS COSIGNING IN WEST VIRGINIA: NOTICE TO COSIGNER:
You are being asked to guarantee this debt. Think carefully before you do. If the borrower doesn't pay the debt, you will have to. Be sure you can afford to pay it if you have to, and that you want to accept this responsibility. You may have to pay up to the full amount of the debt if the borrower does not pay. You may also have to pay late fees or collection costs, which increase this amount. The creditor can collect this debt from you without first trying to collect from the borrower. The creditor can use the same collection methods against you that can be used against the borrower, such as suing you, garnishing your wages, etc. If this debt is ever in default, that fact may become part of your credit record. This notice is not the contract that makes you liable for the debt

**FOR OBLIGORS COSIGNING IN CALIFORNIA:**
NOTICE TO COSIGNER (Traduccion en Ingles Se Requiere Por La Ley):

You are being asked to guarantee this debt. Think carefully before you do. If the borrower doesn't pay the debt, you will have to. Be sure you can afford to pay if you have to, and that you want to accept this responsibility.

You may have to pay up to the full amount of the debt if the borrower does not pay. You may also have to pay late fees or collection costs, which increase this amount. The holder of the loan can collect this debt from you without first trying to collect from the borrower. The holder of the loan can use the same collection methods against you that can be used against the borrower, such as suing you, garnishing your wages, etc. If this debt is ever in default, that fact may become part of your credit record.

This notice is not the contract that makes you liable for the debt.

AVISO PARA EL FIADOR (Spanish Translation Required by Law):

Se le está pidiendo que garantice esta deuda. Piénselo con cuidado antes de ponerse de acuerdo. Si la persona que ha pedido este préstamo no paga la deuda, usted tendrá que pagarla. Esté seguro de que usted podrá pagar si sea obligado a pagarla y de que usted desea aceptar la responsabilidad.

Si la persona que ha pedido el préstamo no paga la deuda, es posible que usted tenga que pagar la suma total de la deuda, mas los cargos por tardarse en el pago o el costo de cobranza, lo cual aumenta el total de esta suma.

El acreedor (financiero) puede cobrarle a usted sin, primeramente, tratar de cobrarle al deudor. Los mismos metodos de cobranza que pueden usarse contra el deudor, podran usarse contra usted, tales como presentar una demanda en corte, quitar parte de su sueldo, etc. Si alguna vez no se cumpla con la obligación de pagar esta deuda, se puede incluir esa información en la historia de credito de usted.

Este aviso no es el contrato mismo en que se le echa a usted la responsibilidad de la deuda.